UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

PATRICK DORNEY,                )
                               )
    Plaintiff,             )
                               )
v.                             )   1:11-cv-00302-GZS
                               )
PATRICIA BARNHART,             )
                               )
    Defendant              )

**RECOMMENDED DECISION**

Following a jury trial held June 27-29, 2005, Patrick Dorney was found guilty of elevated aggravated assault and other charges. He was sentenced to a lengthy period of imprisonment. On August 8, 2011, Dorney filed a habeas petition in this court pursuant to 28 U.S.C. § 2254, having fully exhausted his state court remedies following two unsuccessful state court post-conviction proceedings.[1] Arguing that Dorney's petition is time barred under the one-year statute of limitation applicable to federal habeas proceedings as set forth in 28 U.S.C. § 2244(d), the State of Maine has moved for dismissal of the petition. At issue in this case is the tolling provision found at § 2244(d)(2), which provides that a state petition tolls the applicable

---

[1] On August 24, 2011, Dorney filed a "motion for stay and abeyance." (Doc. No. 4.) In his motion Dorney references a second post-conviction petition which he says is now pending in the state Superior Court and asks this Court to stay his federal petition until such time as that petition is fully exhausted. The state court record as submitted by Warden Barnhart conclusively establishes that Dorney fully exhausted his second state court post-conviction petition prior to filing this habeas petition and mentions nothing about a third petition being filed. If Dorney has a third petition pending in the state Superior Court, he has not provided this Court with any details concerning that petition or its current status. Nor does Dorney indicate what unexhausted issues have been raised in this third petition, if indeed one does exist. This federal habeas lists eight different grounds (Doc. No. 1, 1-1), which appear to largely track the grounds raised in Dorney's state court post-conviction and on direct appeal. He attached to his petition (Doc. No. 1-2, 1-3) a list of the grounds raised in his direct appeal and his state post-conviction and directed this Court's attention to the briefs filed in those proceedings. I have not reviewed those briefs, but will assume for purposes of this motion that all of the issues raised in this petition were fully exhausted in the state court proceedings. The State responded to the petition by filing a motion to dismiss, but never responded to the "motion for stay and abeyance." The motion to dismiss does not allege that Dorney failed to properly exhaust his state court remedies. Concluding that Dorney does not now have a properly filed state post-conviction petition pending, I deny the "motion for stay and abeyance" and proceed to address the issues raised in the State's motion to dismiss based upon the existing record.

limitation period while it is pending. After reviewing the record in this case and the applicable law, I recommend that the Court grant the motion to dismiss.

**Case Chronology**

Dorney's crimes were committed on August 24, 2004, and an indictment was returned against him on November 4, 2004. The matter proceeded to trial June 27-29, 2005, and guilty verdicts were returned as to some of the charges on June 29, 2005. Sentencing was held on August 3, 2005. A timely notice of appeal was filed on August 16, 2005. The judgment was affirmed on May 18, 2006, and would have become final ninety days thereafter on August 16, 2006, when the time period for filing an application for certiorari to the United States Supreme Court expired. (See State Court Record—Docket Sheets, attached to Def.'s Ans. (Doc. No. 7): State of Maine v. Patrick Dorney, No. PORSC-CR-2004-02401 (Me. Super. Ct., Cum. Cty.), and State v. Dorney, No. Cum-05-410 (SJC), Mem. Dec. 06-68 (May 18, 2006).)

During the period prior to Dorney's conviction becoming a final judgment for purposes of federal habeas review, on June 26, 2006, he filed his first state court post-conviction, tolling the limitation period after only approximately thirty days had elapsed. For unknown reasons the Superior Court summarily dismissed that petition on August 23, 2006, and that decision became final when the twenty-one days for filing leave to file a discretionary appeal expired on September 14, 2006. (See State Court Record—Docket Sheets: Patrick Dorney v. State of Maine, No. PORSC-CR-2006-01762 (Me. Super. Ct., Cum Cty.), and Me. Rules of App. P., Rules 2(b)(1)(2)(A) and 19(a-b)). From September 14, 2006, until May 18, 2007, a total of 241 days by the State's reckoning (Answer at 3), there was no petition or other proceeding pending in the state court and the statute of limitations was running.

On May 18, 2007, Dorney filed his second petition for post-conviction review. That petition remained pending until May 13, 2010, when the Law Court entered an order denying a certificate of probable cause. (See State Court Record—Docket Sheets: <u>Patrick Dorney v. State of Maine</u>, No. PORSC-cr-2007-01351 (Me. Super. Ct., Cum. Cty.), p. 4.) The federal petition for habeas relief was filed in this Court on August 8, 2011, almost 450 days after the Law Court's decision on his second post-conviction petition. As of May 13, 2010, Dorney had approximately 214 days left in which to file his federal habeas. Dorney offers no explanation of why he waited over a year after the conclusion of his state post-conviction proceedings and close to five years after his direct appeal had been denied before he filed in this Court, except that his post-conviction attorney in state court told him that he was facing a one-year federal statute of limitation and that he had ninety additional days to seek certiorari review with the United States Supreme Court. Dorney apparently mistakenly believed he had until August 14, 2011, to file a timely federal habeas petition.

## Discussion

The issue presented by the State's motion to dismiss is whether the entire time after the conclusion of direct review or the expiration of the time for seeking such review (when no petition was pending in either state or federal court) should count as elapsed time under the one-year statute of limitation. Dorney apparently believes that the one-year period did not begin to run until May 13, 2010.

The timeliness of Dorney's federal habeas petition turns on the meaning of 28 U.S.C. §§ 2244(d)(1) and (d)(2). Under 28 U.S.C. § 2244(d)(1), the one-year period for filing a federal habeas application runs from the latest of the four dates set out in subsections (A) through (D). These are:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Dorney's case is a straightforward paragraph A claim, he is not claiming any facts that would bring into question the applicability of either B, C, or D.

That Dorney is entitled to a ninety-day period following the entry of judgment on his direct appeal by the state's highest court in order to allow for the filing of a petition for certiorari with the United States Supreme Court is not in dispute. I have recognized the ninety-day period, by allowing, in effect, a 455-day statute of limitation. The United States Supreme Court has addressed § 2244(d)(1) in a line of cases involving both federal and state habeas proceedings, commencing with Clay v. United States, 537 U.S. 522 (2003), extending to state prisoners in Jimenez v. Quarterman, 555 U.S. 113 (2009), and continuing this Term with Gonzalez v. Thaler, No. 10-895, 2012 WL 43513, 2012 U.S. Lexis 574, __ U.S. __ (Jan. 10, 2012).

Dorney's case is not about the ninety-day period for filing a petition for certiorari; this case concerns § 2244(d)(2), the tolling provision, and Lawrence v. Florida, 549 U.S. 327 (2007), controls the outcome. Lawrence's conviction in Florida became final on January 20, 1998, when the United States Supreme Court denied his petition for certiorari on his direct appeal. On January 19, 1999, 364 days later, he filed an application for state post-conviction relief in a Florida trial court. The state's final denial of that petition came on November 18, 2002.

Lawrence sought review of the denial of state post-conviction relief in the Supreme Court, which denied certiorari on March 24, 2003. While the petition for certiorari was pending and after waiting 113 days, Lawrence filed a federal habeas application in the District Court which was denied as untimely because Lawrence had waited well beyond the one day that remained in the limitations period. According to Lawrence, "[s]ection 2244(d)(1)'s limitation period and § 2244(d)(2)'s tolling provision, together with § 2254(b)'s exhaustion requirement, encourage litigants *first* to exhaust all state remedies and *then* to file their federal habeas petitions *as soon as possible*." Id. at 333 (emphasis in original).

The Lawrence case also makes short shrift of Dorney's argument that his state post-conviction counsel's advice is responsible for him missing the deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, even if equitable tolling is available under § 2244(d). Id. at 336-37. In this case Dorney simply waited too long to file his federal habeas corpus petition and it is now time barred.

## Conclusion

As set forth above, I recommend that Dorney's § 2254 petition should be summarily dismissed as time barred and that he should be denied 28 U.S.C. § 2254 relief. I further recommend that a certificate of appealability should not issue in the event Dorney files a notice of appeal because there is no substantial showing of the denial of a constitutional right as contemplated by 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

January 17, 2012